#### IN THE

# HIGH COURT OF ERRORS AND APPEALS

#### FOR THE

## STATE OF MISSISSIPPI.

---

## APRIL TERM, 1856.

### WALTER L. JOHNSON and WIFE, Appellants, v. JAMES A. BROOK, Appellee.

31  17
f78  34

1. STATUTE OF FRAUDS: WHAT A SUFFICIENT MEMORANDUM IN WRITING.—A memorandum in writing, of the sale of land, though complete in other respects, is not a sufficient compliance with the Statute of Frauds, unless delivered to the vendee.

2. SAME.—The delivery, by the husband, of a joint deed, in the name of himself and wife, and signed by him alone, to a justice of the peace to procure the acknowledgment and signature of the wife, is not a sufficient delivery of the deed to make it binding on him.

3. SAME.—The signing by one of two joint vendors of land of a deed drawn up in their joint names, is not a sufficient memorandum of the contract to take it out of the Statute of Frauds, and to make it binding on him, until signed by the other vendor; it is incomplete, and cannot be evidence of the contract.

APPEAL from the District Chancery Court of the Middle District,

at Yazoo city.   Hon. Selden S. Wright, vice chancellor.   The facts are sufficiently stated in the opinion of the court.

*N. G.* and *S. E. Nye,* for appellants.

1. The deed was insufficient, as a memorandum, to take it out of the Statute of Frauds.   It is essential that it should have been delivered.

2. The contract on the part of Johnson and wife was an entire one, as stated in the bill.   It cannot be divided.   Johnson did not contract to sell his interest, except in common with the sale of her's.   The signature of the joint deed for both by Johnson alone, and its delivery to the justice of the peace to procure his wife's signature, is only a part execution of the contract, to be valid upon the condition that his wife joined.   This she refused to do, and the deed executed by him, cannot be said to be evidence of the contract recently entered into by the parties.

*Geo. B. Wilkinson,* for appellee,
Cited 1 Sugden on Vendors, 127, and authorities there cited.

*R. B. Mayes,* on same side,
Cited *Bowles* v. *Woodson,* 6 Grattan, 78, 88; 3 Wooddeson's Lectures, 255; 39 Law Lib. 171; 1 Sug. on Vend. 57; 4 Munf. 77; 9 Vesey, 234; 3 Rand. 238.

HANDY, J., delivered the opinion of the court.

It appears that the appellant and his wife, severally, were the owners of two-fifths of a tract of land, the residue of which was owned by the appellee; and that the appellee agreed with Johnson and wife to purchase their interests, and to pay for the same five dollars per acre, payable at a future day, and to pay annually ten per cent. upon the amount until the principal should be paid, and the appellee took possession.   In accordance with the agreement, Johnson had a deed of bargain and sale prepared, to be executed by himself and his wife, and it was signed and acknowledged by himself, and handed by him to a justice of the peace to obtain the signature and acknowledgment of his wife; but she refused to execute

or acknowledge it, and it was returned by the officer to Johnson. Under these circumstances the vendor filed his bill in Chancery for a specific performance of the contract, and a decree was rendered, dismissing the bill as to the wife's interest, but ordering a specific performance of the contract as to that part of the land belonging to the husband.

The only question necessary to be considered is, whether the signing of the deed, under the circumstances, is a sufficient note or memorandum of the contract to satisfy the Statute of Frauds.

We have been able to find no case in which a writing signed by a party, and kept in his possession, without delivery to the other party, has been held to be a compliance with the statute; and it would appear strange that such a paper could have that effect, when it is entirely within the power of the party to destroy it and prevent its being used as evidence of the contract. The cases cited to sustain this contract are not analogous to this. They are cases of memoranda made by auctioneers, and delivered to the purchaser, which are held to be sufficient, because the auctioneer is the agent of the vendor, who is bound by his acts; or cases of letters, or the like, written by the vendor, touching the purchase, and stating the particulars of it, and in the possession of the vendee. A case has been referred to in 6 Grattan, 78, as showing the sufficiency of the writing in this case. But we have not had access to the authority, and being unable to perceive the reason upon which it proceeds, we cannot give our assent to it. It appears to us that when the paper has never been delivered, and cannot be produced by the party seeking the benefit of it, it could have no more effect, with reference to the Statute of Frauds, than if it had never existed; because the vendee could not have the benefit of it without the aid of parol evidence to show its terms—and that would be to fall into the very mischief which the statute intended to prevent.

But there is another reason of much force why the deed in this case should not be considered as sufficient under the statute; and that is, that it does not appear that the contract, as intended, between the parties, is evidenced by the deed, or that the deed was intended as a complete memorandum of the contract. It appears that the contract was entire—that Johnson and wife should

convey their interests in the land by deed to the appellee. This contract was attempted to be performed by Johnson, and he signed the deed drawn up to be executed by himself and his wife; but she refused to execute it. His signature, therefore, was not of the contract he had made, but only of a part of it, and the memorandum was incomplete, and could not be evidence of the contract. The deed signed by him alone did not show the contract set up by the appellee, and cannot, therefore, be regarded as a complete memorandum of that contract.

We think, therefore, that the deed was insufficient as a memorandum under the Statute of Frauds, and that it was erroneous to decree a performance in virtue of it.

The decree is reversed and the bill dismissed.