WINNIE O. DAVIS ET AL. *v.* EUGENE WILLIAMS ET AL.

1. DEED.  *Delivery.  Intention.*
    A deed, although executed and acknowledged, is inoperative, if retained
    by the grantor, who manifests no intention that it shall be con-
    sidered as delivered.

2. SAME.  *Unexecuted purpose to deliver.*
    Depositing the instrument in a box containing his other papers in a
    bank, with a written statement enclosed that it is to be handed to
    the grantees, is not a delivery, if the maker's intention is to fix a time
    for the title to vest, and he dies without doing so.

3. WILL.  *Requisite formalities.*
    A will is invalid unless attested by witnesses or wholly written and
    subscribed by the maker.

APPEAL from the Chancery Court of Grenada County.

Hon. J. B. MORGAN, Chancellor.

The appellees, grandchildren of Robert Williams filed a
bill in chancery, by their next friend, E. P. Williams, to
establish a deed of gift of real estate in their favor, which was
resisted by the appellants, the maker's children, upon the
ground that the instrument was never delivered.  On April
1, 1874, Robert Williams signed, sealed and acknowledged
the instrument, and inclosing in it a slip containing the state-
ment that he deposited the instrument for safe keeping, and
directed it to be handed to his grandchildren, placed it in
a box, with his other papers, in the bank of Lake Brothers,
where it was found after his death, more than four years
later.  E. P. Williams, father of the grandchildren, testified
that Robert Williams, his father, had handed him the in-
strument in an envelope, telling him to have it recorded
after his death, and that subsequently the witness had re-
turned it to his father, advising him to put it in the bank,
and that his father did so, and gave him the key of the box.
But, when the box was first opened, the witness, who was
present, had failed to mention the key, although it was asked
for, and, when required to produce the key in court, he brought
a bunch of keys, and was unable to select the right one.
None of them would unlock the box.  On final hearing, there
was a decree establishing the instrument as a deed.

*Fitz Gerald & Whitfield*, for the appellants.

The question is one of intent. In this case the grantor never parted with dominion over the instrument, and had the right to recall it from the depositary. *Cook* v. *Brown*, 34 N. H. 460; *Baker* v. *Haskell*, 47 N. H. 479; *Johnson* v. *Farley*, 45 N. H. 505; *Commercial Bank* v. *Reckless*, 1 Halst. Ch. 430; *Parker* v. *Dustin*, 2 Foster, 424; *Doe* v. *Knight*, 5 B. & C. 671; *Baldwin* v. *Maultsby*, 5 Ired. 505. Retaining authority over the deed shows the delivery to have been incomplete. *Jackson* v. *Phipps*, 12 Johns. 418; *Jackson* v. *Dunlap*, 1 Johns. Cas. 114; *Hooper* v. *Ramsbottom*, 6 Taunt. 12; *Habergham* v. *Vincent*, 2 Ves. Jr. 204. The test as to whether a deed has been sufficiently delivered is the right of the grantee to have that specific deed put into his possession. *Wall* v. *Wall*, 30 Miss. 91; *Johnson* v. *Brooks*, 31 Miss. 17, *Exum* v. *Canty*, 34 Miss. 533; *Harkreader* v. *Clayton*, 56 Miss. 383; *Cocks* v. *Simmons*, ante, 183. The same doctrine, adopting the same test, is announced in many States, in England, and by the Supreme Court of the United States. *Maynard* v. *Maynard*, 10 Mass. 456; *Harrison* v. *Phillips Academy*, 12 Mass. 456; *Brown* v. *Austen*, 35 Barb. 341; *Fisher* v. *Hall*, 41 N. Y. 416, and authorities cited; *Merrills* v. *Swift*, 18 Conn. 257; *Steel* v. *Miller*, 40 Iowa, 402; *Wiggins* v. *Lusk*, 12 Ill. 132; *Bell* v. *Farmers' Bank*, 11 Bush, 34; *Woodbury* v. *Fisher*, 20 Ind. 387; *Cloud* v. *Calhoun*, 10 Rich. Eq. 358; *Commercial Bank* v. *Reckless*, *ubi supra*; *Rushin* v. *Shields*, 11 Ga. 636; *Rutledge* v. *Montgomery*, 30 Ga. 899; *Brevard* v. *Neely*, 2 Sneed, 164; *Prutsman* v. *Baker*, 30 Wis. 644; *Eckman* v. *Eckman*, 55 Penn. St. 269; *Duer* v. *James*, 42 Md. 492; Bacon's Abr. 212; *Younge* v. *Guilbeau*, 3 Wall. 636. Again, the grantee must accept. *M'Gehee* v. *White*, 31 Miss. 41; *Bullitt* v. *Taylor*, 34 Miss. 708. Recording is not enough. *Derry Bank* v. *Webster*, 44 N. H. 268; *Oxnard* v. *Blake*, 45 Maine, 602; *Jackson* v. *Richards*, 6 Cowen, 617; *Jackson* v. *Dunlap*, 1 Johns. Cas. 114. Acceptance will not be presumed merely because it is beneficial to the grantees. *Commonwealth* v. *Jackson*, 10 Bush, 424. The instrument, which is neither subscribed by witnesses nor written by the maker, is not good as a will. *Cook* v. *Brown*, 34 N. H. 460.

*R. H. Golladay*, for the appellees.

While as respects the grantor, the question of delivery is one of intent, different considerations apply in the case of the grantee. As to the latter, the inquiry is, how must his acceptance be manifested. Intention is inferable from facts, which are never identical in two cases. A constructive delivery is shown in the case at bar. The purpose was to give effect to the deed. 3 Wash. Real Prop. 257. This appears from the slip enclosed, and is further shown by E. P. Williams's testimony, which is not inconsistent therewith. The fact that this witness had forgotten where he put the key does not destroy his evidence. He shows clearly that the grantor intended a delivery. The most unfavorable view for the appellees which can be taken of the facts, is that the deed was delivered as an escrow, to take effect at the grantor's death. Consideration of all the evidence, which is conflicting, will not enable this court to pronounce the Chancellor's decision erroneous.

CAMPBELL, J., delivered the opinion of the court.

Whether there has been such a delivery of an instrument under the seal of the maker as to make it operative as his deed, is a question of intention on the part of the maker. If he considered it as fully executed and operative, according to its terms, and intended it to have effect from a certain date, that is a sufficient delivery to give it effect. The mere fact that the maker retains the instrument in his own possession and under his own control, if he has once effectually delivered it, does not prevent it from being enforced. But it is because of the effectual delivery of the instrument, whereby it is made the deed of the party, that it is enforced; for delivery is essential to the validity of a deed, as all the cases agree. A careful consideration of the facts disclosed by this record, as to the intent and understanding of Robert Williams with reference to the paper averred by the bill to be his deed, has convinced us that it was *never delivered as such.* It is certain that he had it drawn and signed it, and acknowledged it before a justice of the peace, who certified such acknowledgment; but it is equally certain that he did not then deliver it or

intend that it should then become operative. According to the testimony of E. P. Williams, as to the declaration made by Robert Williams on handing him the package containing the deed, it is manifest that he contemplated the taking effect of the deed mentioned after his death. The separate slip of paper signed by Robert Williams, and placed within the folded paper alleged to be a deed, is without any indication of the purpose of the maker, as to when the instrument should take effect as his deed. If he had designed it to take effect, it was easy to accomplish that design by delivering the instrument. That he did not deliver it, to take effect presently, shows that he did not so desire it. The separate slip did not constitute delivery, and was unnecessary, if delivery was made. It indicates that the making and acknowledging the instrument was precautionary; that the maker then intended to make the disposition of his property indicated by the instrument he subscribed, and that he did not intend it to take effect immediately, but at some time, in the future, when he should see proper, and, therefore, he retained control of the instrument. We take this view, upon the testimony of the witness for complainants to establish delivery of the instrument, in connection with all the facts in the case; but the record discloses such frailty of the memory of that witness, in reference to the key to the bank-box, as justly to lead to distrust of it, as to what was said or done, within his knowledge, by Robert Williams, in reference to the alleged deed, and we feel greater safety in rejecting all the evidence, on both sides, as to what Robert Williams said or did, and in considering the indisputable evidence of his subscribing and acknowledging the alleged deed, and the separate slip declarative of what he did and desired, and his retention of both within his own control for four and a half years after their being made, without any decisive act or declaration in reference to them. If a deed, when did it take effect? If it vested title in the grantees, from what date? Was the legal title in the grantees from April 1, 1874? If not, from what date? It is incredible that Robert Williams intended the title to vest April 1, 1874. It is impossible to determine at what time it was his purpose that it should vest. The witness says he was told to

put the deed on record after Robert Williams should die.  The written slip placed with the instrument, and made for the purpose of declaring the intent of the maker, is silent as to this and inconsistent with the testimony of the witness.  Our view is that Mr. Williams did not deliver the instrument, and died without the consummation of his scheme with reference to the property embraced in the instrument.  There is too much uncertainty as to the intent of the maker, as to the taking effect of the instrument, to enforce it as his deed.  He never delivered it.  To compel its delivery as his act and deed is to hazard making the act of the court a substitute for his act.  In all of the cases we have examined, in which a deed kept in the possession of the maker was enforced, the decrees were based on the ascertained purpose of the grantor that the deed should be effective as such by virtue of its execution.  We are unable to find such purpose in the acts and declarations of Robert Williams and are convinced that his intent was that the instrument he subscribed should, at some future period, to be designated by himself, become effective by a delivery he purposed to make.  We think it manifest that Mr. Williams did not intend the instrument to be absolute as a deed at the date he made it, and we have been unable to discover that he ever made it absolute.  Therefore, it remained a purpose unexecuted and incomplete.  The instrument cannot be upheld as a deed for want of delivery. It is not valid as a testamentary act, because it is not attested by witnesses, nor wholly written and subscribed by the maker.

*Decree reversed and bill dismissed.*