## K. E. WALKER v. R. M. PIGOTT et al.

Deeds — What Constitutes Delivery.

Where there is no delivery of an instrument purporting to be a deed,
it is fatally defective as such, and ineffectual for any lawful purpose.[1]

A bill was filed in the Chancery Court of Lauderdale county, in
January, 1886, by appellants, seeking to enjoin proceedings in an
action of ejectment filed by appellees to recover possession of cer-

---

[1]

The delivery to the husband of a joint deed in the name of himself and
wife, to a justice of the peace, with instructions to get the signature and
take the acknowledgment of the wife is not a sufficient delivery as to the
husband, if the wife refuse to execute the deed. Johnson v. Brooks, 31
Miss. 17.

When the right attempted to be conveyed is joint, and the deed purported
to be made by the several joint owners, proof of execution by one alone will
not authorize its admission in evidence to establish a right to the property.
Shirley v. Fearne, 33 Miss. 653.

The most essential and efficacious act in making a deed is the delivery,
for that shows it to be the grantor's deed. Armstrong v. Stovall, 4 Cush. 275;
Bledsoe v. Little, 4 How. 13.

Actual delivery to grantee in person is not necessary. Wall v. Wall, 30
Miss. 91; Kane v. Mackin, 9 S. & M. 387.

But a deed is not valid until delivered to and accepted by grantee or
some one for him. McGehee v. White, 31 Miss. 41; Bullitt, Miller & Co. v.
Taylor, 34 Miss. 708.

An instrument, though executed and acknowledged and in form a deed,
is inoperative as such, if retained by the grantor who manifests the inten-
tion that it shall not take immediate effect as a deed. Davis v. Williams,
57 Miss. 843.

Where such instrument is placed by the signer with other papers in a
box and deposited in a bank, with a written statement enclosed that it is
to be handed to the grantee, no time for such delivery being fixed, this mani-

tain lands devised to them in 1859. The facts set forth are that James M. Pigott and wife purchased a large stock of goods in December, 1858, amounting to some $2,500, and that shortly thereafter, in consideration of one Brandon assuming to pay said amount of purchase for them (James M. Pigott and wife), that they conveyed the lands in controversy by deed to Brandon, who went into possession of same. This deed was not delivered to the said Brandon by Pigott and wife. Several months after the execution of this deed James M. Pigott died, and some time thereafter the deed was found amongst the papers of deceased, and was delivered by the administrator to the said Brandon. This deed was signed by James M. Pigott and Catherine R. Pigott. The acknowledgment of both signers was taken before the said *James M. Pigott, Justice of the Peace.* Appellant purchased the land from the Commercial Bank of Meridian, after it had passed through several hands theretofore. Appellees were the sole and only heirs of James M. Pigott, and after reaching their majority filed their ejectment suit, and were enjoined from proceeding with same by appellants.

fests an intention to fix a future period for the title to vest, and that the instrument was not to take effect as a deed from its date; and if the maker dies without making delivery and leaving his purpose unexecuted, the instrument will be inoperative as a deed for want of delivery. Davis v. Williams, 57 Miss. 843.

An instrument signed and acknowledged as a deed and intrusted to an agent for safe-keeping with directions not to deliver it unless the grantor should die, before returning from a certain journey, is inoperative, though delivered after the death of the grantor while on such journey, in pursuance of his intention to vest title to the property in the grantee in the event of his death. Under these facts there is no present delivery, absolute or conditional. Weisinger v. Cook, 67 Miss. 511, 7 So. 495.

Without delivery a deed is not effectual, but acceptance may be implied from circumstances. Harkreader v. Clayton, 56 Miss. 383.

Manual delivery to and possession of a deed by the grantee is not sufficient. There must be an acceptance and assent that it shall be operative. Kearney v. Jeffries, 48 Miss. 343.

Delivery is a question of intention, and while it may be effected without the maker's parting with the paper, his retention of it is always a circumstance strongly evidential of a want of delivery. Hall v. Barnett, 71 Miss. 37, 14 So. 732.

A mother, before her death, executed a deed conveying her residence to a daughter who lived with her, and placed it in her wardrobe. The daughter knew nothing about it until the mother, when leaving to visit another a few months after, told her where the deed was, and that she had given

From a decree dissolving the injunction and dismissing the bill complainant appeals.

APPEALED from Chancery Court, Lauderdale county, S. EVANS, Chancellor.

Affirmed, April 19, 1886.

*Attorneys for appellant, Woods, McIntosh & Williams.*

*Attorneys for appellee, Dial & Witherspoon.*

Brief of Woods, McIntosh & Williams:

As we understand the case, there are two questions raised by the record, either of which decided for appellant must result in a reversal of the ruling of the court below on the motion to dissolve the injunction:

1. Was there such a constructive delivery of the deed from Pigott and wife to Brandon and wife as to convey the title from Pigott to Brandon. In other words, will equity regard what was done as a delivery of the deed?

---

the property to her. *Held,* sufficient to sustain a finding that the deed had been delivered. Young *v.* Elgin, 27 So. 595.

A husband and wife signed and acknowledged a trust deed in favor of infants; the trustee, who was himself one of the grantees in certain contingencies, having already signed it as trustee " in token of his acceptance of the trust." It was deposited, enclosed in an envelope, by the husband in a merchant's safe, with an indorsement on the envelope, made by the merchant at his request, that it was to be delivered to no one, under any circumstances, except to himself or the trustee. Some time after, he deposited it with another merchant with a like indorsement in the handwriting of the latter on envelope enclosing it, that it was not to be delivered to any one, under any circumstances, except to himself and a nephew of the trustee. But both depositories declared that it was not to be delivered to any one except the husband until after his death. For about fifteen years, and till after his death, the deed remained deposited with the understanding on the part of both depositories that he could get it at any time, and on the part of one of them that it was subect to his control, and it was never recorded. There was nothing to show delivery by the wife, and the evidence tends to show that she thought she had made a will. While it was so deposited the grantors executed conveyances of property included in the deed, utterly inconsistent with its delivery. If the wife had died intestate before the husband, he would have inherited all her part of the lands conveyed by the deed.

*Held,* that there was no valid delivery of the deed. Hall *v.* Waddell, 27 So. 936; 78 Miss. 16.

2. Is an undelivered deed, under the facts of this case, a sufficient memorandum to avoid the Statute of Frauds, etc. ?

The argument of the first question will necessitate a *close* scrutiny of the facts bearing upon this point, under the light of the authorities of our own and other courts. We deem it immaterial whether Brandon paid Pigott in money or relieved him of an indebtedness to the Keetons. One would be as valuable a consideration for a deed as the other, and the courts could not quibble on such a matter as this. Was it the *intent* of the grantor that the deed should be delivered? If so a court of equity will regard it as having been delivered.   *   *   *

We deem it unnecessary to cite any authorities upon the point that if Pigott intended to deliver the deed to Brandon that a court of equity would treat the deed as having been delivered. This point is well settled by the authorities, as may be seen in the following: Martindale's Law of Conveyancing, § 2059, and authorities; Nichols v. County of Davidson, 3 Tenn. Ch. 547; Farrar v. Bridges, 5 Humph. (Tenn.) 412; 2 Strobh. Eq. (S. C.) 270; 1 Iredell Eq. (N. C.) 475; 1 Johns. Ch. 255; 5 Cal. 315; Vol. XX, Cent. Law Jour. 47, article from Thomas W. Pierce, where a great many authoriteis are collected and commented upon.

On the second point, if an imperfectly executed, undelivered deed is intended to be delivered by the grantor, while it may not convey the legal title, it would be a good contract for the sale of the land and take the case out of the Statute of Frauds. 58 Miss. 486, and authorities above cited.

It would in this case, as in the case of a perfect deed, be dependent entirely upon the *intention* of the grantor to deliver the same.   *   *   *

Brief of Dial & Witherspoon:

*   *   *   We submit that the law applicable to the above state of facts is not an open question in this State. The fact that the paper was not delivered is alone enough to make it void as a memorandum. An undelivered deed is not a sufficient memorandum to satisfy the statute. Johnson et ux. v. Brook, 31 Miss. 17; Jelks et al. v. Barrett, 52 Miss. 314.

The case at bar is a stronger one than the Johnson case. In that case the deed was acknowledged by Johnson himself, while in this it was acknowledged by neither of the grantors. In that the deed was delivered to the magistrate and thus passed out of

the possession of the grantor that wrote it, while in this the deed did not get out of the possession of either grantor. In that, one of the grantors did all in his power to have the deed delivered and fully intended that it should be, while in this it is evident, as we have shown, that neither of these grantors intended that this deed should be delivered. In that, Brook was ready and willing to pay the price agreed upon and instituted the very suit itself for the purpose of forcing Johnson and wife to take the money and convey the title, while in this, Brandon never paid or offered to pay a cent of the money.

But there are several expressions in the opinion of the court in the Johnson case which seemed to serve as crumbs of comfort to opposing counsel in the court below. The court say: "We have been able to find no case in which a writing signed by party and kept in his possession without delivery to the other party has been held to be a compliance with the statute." In that case and in this the deed was signed by the grantor. In that it was "kept in his possession" till the institution of a suit against him when it seems to have made its appearance in court, while in this it was "kept in his possession" until his death, which is as long as any man can have a deed "kept in his possession." In that case the possession of the deed was "without delivery of the deed to the other party," but with a delivery of the deed to the justice, while in ours the deed was retained "without delivery" to any one. According to the position of counsel if in the Johnson case the justice of the peace instead of returning the deed to Johnson had delivered it to Brook, that would have made it a good contract. The court further says in that case: "It would appear strange if such a paper could have that effect when it is entirely within the power of the party to destroy it and prevent its being used as evidence."

OPINION.— PER CURIAM:

The instrument purporting to be a deed from Piggott and wife to Brandon was not delivered, and for this reason, it is fatally defective as a deed, and is ineffectual for any lawful purpose. Davis et al. *v.* Williams, 57 Miss. 843; Johnson *v.* Brook, 31 Miss. 17.

The conclusion renders it unnecessary to consider other points argued by counsel.

The decree is *affirmed.*