SULLIVAN v. SMITH ET AL.

[82 South. 328, Division B. No. 20543.]

VENDOR AND PURCHASER. *Contracts. Authority of agents.*
  Where an agent to sell lands has materially departed from the
  written authorization to effect the sale, specific performance of
  the contract will not be awarded.

APPEAL from the chancery court of Coahoma county.
HON. JOE MAY, Chancellor.

Bill by Dr. P. M. Smith and another against J, L.
Sullivan. From a decree for complainants, defendant ap-
peals.

The facts are fully stated in the opinion of the court.

*J. N. Flowers* and *Brewer, Brewer & Brewer,* for ap-
pellant.

*Green & Green* and *L. C. Franklin,* appellees.

STEVENS, J., delivered the opinion of the court.

Bill in equity was filed by appellees in this cause
against Mr. Sullivan, appellant, to require specific per-
formance of an alleged contract to sell and convey cer-
tain lands in Coahoma county. The prayer of the bill
was granted by the learned chancellor, and from the
decree enforcing specific performance this appeal is
prosecuted.

The decision of this cause is necessarily controlled by
the opinion recently rendered by the court in banc in
the case of *J. L. Sullivan* v. *R. F. Turner et al.,* 82 So.
325. Turner and Stevens were the agents who negotiated
the alleged sale, specific performance of which is here
sought. We reached the conclusion that Turner and

Stevens materially departed from the authority which Mr. Sullivan gave them as his agents, and denied recovery for commissions claimed and sued for by these agents. The same material facts relied upon by Turner and Stevens to sustain their claim for commissions are the facts reflected by the present record. The same reasons which this court has assigned for reversal of the judgment obtained by Turner and Stevens for their commissions necessitate a reversal of the present case.

There is another interesting point raised on this appeal, and that is the contention that the instrument of writing signed by Turner and Stevens as agents for appellant is void on its face, and that the provisions of our statute of frauds has not been satisfied. The argument on this point is pertinent and persuasive, but any decision as to whether the letter and telegram signed by the agents and forwarded to the principal were admissible or competent to explain or aid the imperfect description embodied in the contract executed by Turner and Stevens of date December 29, 1917, and any discussion of the doctrine announced in the case of *Johnson* v. *Brook*, 31 Miss. 17, 66 Am. Dec. 547, and apparently reaffirmed in *Jelks* v. *Barrett*, 52 Miss. 315, becomes unnecessary.

The decree of the chancery court will be reversed, and decree entered here dismissing the bill.

*Reversed and dismissed.*