THE STATE *ex rel.* ROBINSON V. SMITH *et al., Appellants.*

**Administrator's Bond**: ACTION BY CREDITOR OF ESTATE.  A creditor whose demand against the estate has been allowed and classified, cannot maintain an action on the bond of the administrator to recover the amount of his demand because of the failure of the administrator to sell land for the payment of debts, when required to do so by an order of the probate court.

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

*Elliott & Jetmore* for appellants.

Real estate is not assets.   *State v. Price*, 17 Mo. 431; *State v. Modrell*, 15 Mo. 421; *State v. Collier*, 15 Mo. 293; *Kellogg v. Wilson*, 7 Cent. Law Jour. 277.   The breaches alleged in the bond are a failure to sell real estate, and to make annual settlements, by neither of which was the plaintiff injured.   There is, therefore, no cause of action. Williams on Executors, 1507, 1509 ; *Polk v. Farrar*, 12 Mo. 356; *Saulsbury v. Alexander*, 50 Mo. 142.   The inventory did not estop the administrator to show want of title. Wag. Stat., § 18, p. 86 ; *Cameron v. Cameron*, 15 Wis. 1 ; *Willoughby v. McCluer*, 2 Wend. 608.   See, also, *Valle v. Bryan*, 19 Mo. 423 ; *Trent v. Trent*, 24 Mo. 307 ; *Aubuchonn r. Lory*, 23 Mo. 99 : *Chambers v. Wright*, 40 Mo. 482 ; *Mor-*

41—68

*ris v. Barnes*, 35 Mo. 412; *Heyneman v. Garneau*, 33 Mo. 565.

*G. W. Houts* and *S. P. Sparks* for respondent.

The defendant having taken charge of the estate of deceased, was bound to administer the whole estate according to law, and the orders of the court having jurisdiction thereof. Wag. Stat., chap. 2, art. 1 §§ 14, 18, p. 73. There not being sufficient personal estate to pay the debts of the deceased, the defendant was bound to sell the real estate, or so much thereof as was necessary to pay them. Wag. Stat., chap. 2, art. 3, § 10, p. 94. It was necessary for the defendant to make annual settlements with the probate court of such estate, in order that the court, as well as those interested in the estate, might know of its condition. Wag. Stat., chap. 2, art. 5, § 2, p. 107. See also §§ 11, 12, p. 109.

HOUGH, J.—On the 14th day of February, 1867, there was an allowance in favor of the relator for the sum of $66 against the estate of D. W. Willoughby, deceased, of which estate the defendant had charge as public administrator of Johnson county.

It appears from the record that no money or other personal assets ever came into the hands of the defendant, but that on taking charge of said estate he paid to his predecessor in office $1.30, that amount being due him from said estate. Two tracts of land, one lying in Newton and one in Jasper county, were inventoried and ordered to be sold, first in the year 1871, and afterwards in the year 1872, and also in 1873, but the defendant failed to sell the same, because, as he alleged, his intestate had no title thereto, and for the further reason that there were no funds belonging to the estate with which to defray the necessary expenses of making such sale. No annual settlements of said estate were made by the defendant after the year 1870,

there being neither money nor other personal property in his hands.

The present suit was brought against the defendant and his sureties on his official bond for a breach thereof occasioned by his failure to sell the above mentioned land as ordered by the probate court, and for a failure to make his annual settlements, as required by law ; and judgment was rendered for the plaintiff on the breach first named, for the amount of his allowance against the estate, together with interest.

The question presented for determination is, whether in the event of the failure of the administrator to sell land for the payment of debts when thereto required by an order of the probate court, a creditor of the estate whose demand has been allowed and classified, can, without further proof, recover of such administrator and his sureties the amount of such demand. We know of no authority which authorizes such a recovery under such circumstances. It does not appear that any assets of the estate have been wasted or lost by the misconduct of the defendant, and we are at a loss to conceive upon what principle the court gave the plaintiff judgment for the amount of his demand against the estate.

The judgment is reversed and the cause remanded. All concur.

REVERSED.