The opinion of the court was delivered by
Valentine, J.:
This was an action brought by R. R. McCandless against Jesse F. Stratton, Marion Stratton and ElizaS. Thompson, on an administrator’s bond. The pleadings in the case were a petition, an answer and a demurrer. The court below sustained the demurer as to the second, third and fourth defenses of the answer, and the defendants excepted, and now, as plaintiffs in error, bring the case to this court.
The petition in the court below sets forth substantially, that on June 4,1879, the defendant, Jesse F. Stratton, was duly appointed administrator of the estate of Caleb Stratton, deceased; that he gave bond in the sum of $1,000, with the other defendants, Marion Stratton and Eliza S. Thompson, as sureties; and that the bond was filed on June 14, 1879. The plaintiff had a claim against the estate for $296.50, which claim was allowed by the probate court on June 24, •1880, and was placed in the second class of claims, no part of which claim has ever been paid. The petition then sets forth and alleges the supposed breaches of the administrator’s bond, as follows:
“That said administrator has failed, neglected and refused (though more than sixty days have elapsed since his said appointment) to return into said probate court, as required by law, a true inventory of all the moneys, goods, chattels, rights and credits of the said deceased which have come into his possession or knowledge, and also of the real estate of said deceased.
“That said deceased died seized of certain real estate in Lyon county, Kansas, unincumbered, and subject to the payment of the debts of said deceased; and that said administrator has unreasonably delayed, and does delay, neglect and refuse to raise the money to pay off the said claim of this *298 plaintiff, by collecting the debts and effects of the said deceased, and by selling the said real • estate of said deceased, such sale being necessary, and he (the said administrator) being able to obtain an order therefor.
“That said administrator has neglected and refused to pay this plaintiff his said claim, or any part thereof, although the same has been demanded of him.
“All of which is to the damage of this plaintiff in the sum of four hundred dollars, for which amount, with his costs, plaintiff prays j udgment.”
The answer of the defendants set forth their defenses substantially as follows:
“1. A general denial.
“ 2. That Caleb Stratton died in May, 1878, leaving no property or assets subject to be administered upon, and leaving no property of any kind, except one lot on East street, in the city of Emporia, numbered 103, and being 50 feet wide and 130 feet long, and $45 worth of household furniture. This lot was the homestead of the deceased and his wife; and all of his property was exempt from the payment of his debts, and all went to his widow at his death. The widow died about three months afterward. None of the property ever came into the hands of the administrator, Jesse P. Stratton.
“3. On motion of the plaintiff, made in the probate court, •on July 10,1880, the defendant was cited to appear and return an inventory of the property of the estate of Caleb Stratton, or show cause why an attachment should not be issued against him; and on July 13, 1880, in response to the citation, he made his answer, setting forth all the items of property, real and personal, of which the deceased died seized or possessed, and stating all the necessary facts in relation thereto; and the probate court then ordered ‘ that said answer and report be accepted and filed, and that no further proceedings be had under said citation/ And no appeal or proceeding in error has ever been taken from this order of the probate court.
“4. On August 18, 1880, the plaintiff filed a petition in the probate court, contesting the truth, the regularity and the validity of the defendant’s response to said citation, and also the truth, the regularity and the validity of his ‘pretended inventory;’ and ‘that thereupon the parties appeared before said probate court on the 26th day of August, 1880, at one o’clock p. m., and said cause was then and there continued *299 to such time as the plaintiff and the defendant, Jesse P. Stratton, might mutually agree upon for the hearing of the same; and that the same is still pending in said probate court, undisposed of.’”
A demurrer was interposed by the plaintiff, and was based upon the ground that the second, third and fourth defenses of the defendants’ answer did not, nor did any of theip, as he alleged, “state facts sufficient to constitute a defense to the plaintiff’s petition.” This demurrer, as before stated, was sustained by the court below, and the defendants excepted; and whether the court below erred in this .ruling, or not, is the only question now presented to this court.
Of course, the first question arising in the case is, whether the petition itself states facts sufficient to constitute a cause, of action; for, if it does not, then any answer is a sufficient response thereto. (Anthony v. Halderman, 7 Kas. 61; Hunt v. Bridge Co., 11 Kas. 433; The State v. Pawnee Co., 12 Kas. 426, 437.)
We shall now proceed to consider the Sufficiency of the petition. There are three supposed breaches of the administrator’s bond alleged in the petition, and we have quoted all of them in full. With reference to the first and third supposed breaches, the petition is clearly insufficient; but with reference to the second we are not so clear. We shall discuss' each of these supposed breaches separately; but much that we shall say while discussing one of them will equally apply to all.
The first, in substance, is to the effect that the administrator failed and refused to file “a true inventory,” although more than sixty days had elapsed since his appointment as administrator. (See § 39, Ex’rs’ and Adm’rs’ Act.) But there is no allegation in the petition showing why the inventory was not true, or in what particular it was not true — whether some item or items of property had been omitted from it, or whether too many items of property had been inserted in it, or whether some item or items of property had been misdescribed. Nor is there anything in the petition showing how or in what *300 manner the plaintiff was injured or damaged by the administrator’s failure or refusal to file a true inventory. There is no pretense that the administrator failed or refused to file any inventory; but the claim is simply that he failed and refused to file a “true” one. It was undoubtedly intended by this alleged breach to state a cause of action under § 183 of the act relating tp executors and administrators; but the pleader clearly failed to do so. Under that section it is not only required that facts should be stated, showing that the administrator had failed to perform a “duty” which he owed to the plaintiff, but it is also required that facts should be stated showing that the plaintiff was “aggrieved” by such failure, and the extent and amount of such grievance.' A party cannot recover in an action unless he has been injured. In this case the facts stated in the petition do not show whether the untruthfulness of the inventory, or the want of a “true inventory,” was a benefit, or an injury, or a mere matter of indifference to the plaintiff. With reference to the failure of an administrator to return an inventory, see Dawson v. Dawson, 25 Ohio St. 443.
The third alleged breach is, that the administrator neglected and refused to pay the plaintiff’s claim, or any part thereof, although the same had been demanded of him.
Now by this alleged breach it is evidently intended to state a cause of action under §181 of the ant relating to executors and administrators. But in this the pleader has again failed. Under that section, the plaintiff must not only state facts showing the allowance of his claim and a demand therefor, but he must also, and in addition thereto, state facts showing that he “is entitled by law to the payment of his debt from the executor or administrator.” An administrator is not always required, but often is not allowed to pay a claim as soon as it has been allowed by the probate court. And in this case the plaintiff has not stated facts in his petition showing that the administrator could at any time have legally or otherwise paid the plaintiff’s claim out of any funds or assets belonging to the estate. There is nothing, in fact, stated in the petition *301 that shows that the administrator has ever received any funds ór assets belonging to the estate. Indeed, there is nothing stated in the petition that shows the existence of any property of any kind belonging to the estate, except said real estate, and nothing that shows that the administrator ever had any knowledge of the existence of any property belonging to the estate, unless by vague indirection it is alleged that- he had knowledge of the existence and ownership of said indefinitely-described and obscurely-mentioned real estate, of which we shall speak more fully hereafter. Besides, it must be remembered that the plaintiff’s claim was placed in the second class .of claims; and it was not exhibited against the estate until more than one year had elapsed subsequent to the granting of the administrator’s letters of administration; and there is nothing in the petition that shows that the estate was solvent, or that it would be able to pay any considerable portion of its debts. Now the estate may have been hopelessly insolvent, and may still be insolvent. It may require every article or piece of property, every available dollar, everything belonging to the estate, to pay the claims of the first class; and if so, no wrong that the administrator could have done or suffered, or can possibly do, can possibly injure the plaintiff. (Executors’ and Administrators’ Act, §§ 80, 159, 160.) And if the estate was in fact insolvent, and if the administrator did not know it, he might, at the end of the first year, have paid off all the claims against the estate of which he then had knowledge, although it might have taken all the assets of the estate to do so, without becoming personally liable for plaintiff’s claim, or for any other claim that might, after such payment, be exibited against the estate. (Ex’rs’ and Adm’rs’ Act, § 102.) And there is nothing in the petition that shows that this might not have been the exact state of facts in the present case. And in all cases, whether the estate is solvent or insolvent, if the estate, for want of available funds, is unable for the time being to pay the entire amount of all the claims of any particular class, then the administrator is not bound to pay any claim of that class, or any portion thereof, *302 until the probate court has determined how much of each claim should be paid, and has made an order instructing the administrator to pay the same. (Executors’ and Administrators’ Act, §§159, 160.) Until such determination has been had, and such order made, the holder of any one of such claims is not “entitled by law to the payment of his debt from the executor or administrator,” within the meaning of said §181 of the executors’ and administrators’ act, although his claim has previously been exhibited and allowed. Now it does not appear from the petition in this case, that any such determination has ever been had, or that any such order of distribution has ever been made. As having some, application to this point, we would refer to Dawson v. Dawson, 25 Ohio St. 443; Dunlap v. Beckes, 23 Kas. 154; and The State of Ohio v. Cutting, 2 Ohio St. 1.
As to whether the second alleged breach of the administrator’s bond is sufficient, is a more difficult question. In alleging this breach, the petition states, in substance, that the deceased died seized of real estate subject to the payment of his debts, and that the administrator unreasonably delayed and refused to raise the money to pay the plaintiff’s claim, by collecting the debts and effects of the estate and by selling the real estate, such sale being necessary, and he being able to' obtain an order therefor. This alleged breach is intended to state a cause of action under § 180 of the executors’ and administrators’ act. And again, we think that the pleader has utterly failed to state facts sufficient to constitute a cause of action, though in this we are not quite so confident as we are with reference to the other two alleged breaches of the administrator’s bond. Under this (180th) section, the administrator is not liable to everybody for every supposed breach of his bond. In a case where he fails to raise money by collecting the debts and effects, and selling the real estate of the deceased, he is liable only for “unreasonable delay” resulting in “ damages occasioned thereby.” Where there has been no unreasonable delay, or where the delay has not resulted in damages to the plaintiff, the plaintiff has no cause *303 of action. In the present case, tv'e think no facts are stated in the petition showing either unreasonable delay or.damages. It is true, that the petition states in words that the “administrator has delayed and does delay,” etc.; and in closing, the petition says: “All of which is to the damage of the' plaintiff,” etc. But these allegations, virtually standing alone as they do, with no facts set forth in the'petition warranting them, we think are not sufficient as setting forth a cause of action.
Among the other defects in the petition, are the following: The petition does not state whether the deceased left any personal property or not, or whether any personal property ever came into the hands of the administrator or not, or whether the administrator ever had any knowledge or not of any personal property belonging to the estate. From any facts stated in the petition, there may have been a great deal of such personal property, or but very little, or none at all. Now if there was no personal property, no debts or effects or assets belonging to the estate, then the administrator could not have been guilty of any laches or negligence in not collecting or properly using the same. Hence the allegations in the petition with respect to the administrator’s failure in the (collection of debts and effects of the estate, can have no possible force or effect or bearing in this case, as showing a cause of action. The petition alleges that the deceased died seized of real estate subject to the payment of his debts; but it does not show how much real estate there was, either in extent or value. From anything appearing in the petition, there may have been a vast amount, or but little; there may have been many pieces, or not more than one; and it may have been worth many thousands of dollars, or only a few cents. There is nothing in the petition that shows that this real estate ever came into the hands of the administrator; and nothing to show, except by remote inference, that he had any knowledge of its existence or its ownership; and there are really no facts alleged sho,wing the necessity for selling such real estate to pay the debts of the estate. It is true the petition uses the words, “such *304 sale being necessary;” but these words do not disclose facts showing the sale to be necessary. If the deceased died leaving a vast amount of personal property, more than sufficient to pay all his debts, (and there are no facts set forth in the petition showing the contrary,) then there was no necessity for the sale. (Everett v. Waymire, 30 Ohio St. 308.) The real ■estate of a deceased person cannot be sold to pay his debts, •except in the absence of sufficient personal property for that purpose. Besides, if said sale were necessary, then ■there is no allegation in the petition showing when the necessity arose. The plaintiff’s claim was allowed June 24, 1880, and he commenced this action on December 18, 1880. Now, from anything appearing in the petition, there may have been no debt allowed against the estate prior to the allowance of the plaintiff’s claim, or there may have been ample funds to pay all debts allowed prior to the allowance of his claim; and the necessity for selliúg the real estate to pay debts may have been caused solely by the allowance of the plaintiff’s claim, or it may have been •caused by the subsequent allowance of still other claims; and the necessity for a sale may not have arisen or been ascertained until the very day on which the plaintiff commenced this action. There is no allegation in the plaintiff’s petition to the contrary. Was the delay then, in taking •steps to sell the real estate, one day only, or was it nearly six months, or was it some intermediate period of time? But even if the administrator did delay selling the real estate longer than he should have done, still how was the plaintiff injured? There are no facts stated in the petition .■showing that he was injured in the least.' From anything appearing in the petition, the real estate may have been worth just as much on the day he commenced this action as it was on the day when his claim was allowed. Indeed, it may have been worth vastly more. Besides, there is no allegation in the petition that the estate was solvent, or whether it was solvent, or not; and if it was not solvent, the plaintiff might not be able to get a single dollar of the proceeds *305 of the sale of the land even if it were sold. The plaintiff’s •claim was placed in the second class of claims, and it might take all the proceeds of the sale of the land to pay claims placed in the first class; and if so, then the plaintiff could not be injured by any failure on the part of the administrator to sell the property.
To recapitulate: The petition states that the deceased died seized of real estate, but does not state how much, nor its value, and does not state in terms that the administrator knew •of such real estate or its ownership; that the administrator unreasonably delayed to sell the same, but does not state any facts showing an unreasonable delay, and the facts, so far.as -they are stated,'tend to show otherwise; and probably there was not, in fact, any unreasonable delay within the meaning •of said §180 of the executors’ and administrators’ act. It states that the administrator unreasonably delayed collecting the debts and effects of the estate, but does not allege or state facts showing that there were any such debts or effects; that •such sale was necessary, but does not state any facts showing that the sale was necessary, and does not state any facts showing that the plaintiff was damaged or injured in any respect whatever. We do not think that the plaintiff’s petition states facts sufficient to constitute a cause of action.
In a case like this, we think that every fact necessary to -constitute a cause of action should be alleged in the petition; that general allegations, such as are usually denominated con-clusions of fact, conclusions of law, or inferences, should not be considered as of any value, except in connection with the detailed statement of the facts. It must be remembered that this is an action on a penal bond against an administrator, who is under the general control and direction of the probate court, and against sureties on the bond, who have personally committed no wrong and are guilty of no dereliction of duty. This action attempts to take a matter which properly and legitimately belongs to the jurisdiction of the probate court, and- a matter which ought to be settled and determined in that court, and to place it within a jurisdiction which has no *306 general control over the affairs of the estate. And it attempts to take this matter from the jurisdiction of the probate court while the administrator is still acting, while the estate is still in process of settlement, and while the probate court has ample jurisdiction over both the administrator and the estate. And the question as to the sufficiency of the petition arises upon demurrer, and not upon an objection to evidence, ora motion in arrest of judgment, or for a new trial after verdict. Hence there is no reason for construing the petition liberally in favor of the plaintiff, but every reason is against it. And in this connection, we would refer to the case of The State v. Cutting, 2 Ohio St. 2. The sufficiency of a petition must be determined from the facts alleged in it. And a failure to allege the facts cannot render a bad petition a good one. Every failure to allege the facts must be construed against the petition, and not in its favor. Courts are not allowed in such cases as this to go beyond the allegations, and indulge in far-fetched inferences for the purpose of aiding the defects of the petition. They must take the petition as it is, and give force and effect to such facts only as are set forth in the petition; or in other words — give force and effect to such facts only as are “well pleaded.” In cases of this kind, where the administrator is still acting, and the estate is not settled, and the probate court has complete and ample jurisdiction over the administrator and over the estate, actions in other jurisdictions, against the administrator and his sureties, on the administrator’s bond, should not be encouraged, (see reasoning in Johnson v. Cain, 15 Kas. 532;) and where the question of the sufficiency of the petition in such cases arises upon demurrer, the petition should be held to be insufficient, unless the facts are stated in detail, and clearly show a cause of action. The facts should not be left for mere inference or conjecture, but should be made to appear clearly, perspicuously, and beyond all reasonable question. In Missouri it has been held that “a creditor whose demand against the estate has been allowed and classified cannot maintain an action on the bond of the administrator to recover *307 the amount of his demand because of the failure of the administrator to sell land for the payment of debts when required to do so by an order of the probate court.” (The State v. Smith, 68 Mo. 641.) Upon this same subject, see the cases of Everett v. Waymire, 30 Ohio St. 308, and Dawson v. Dawson, 25 Ohio St. 443.
Taking the petition as a whole, we do not think that it states facts sufficient to constitute a cause of action.
We will here close this opinion. We will say, however, as a mere dictum, that we hardly think that the plaintiff could maintain any action against the defendants on the administrator’s bond at the time he commenced this action, even if he had stated all the facts, and had stated them exactly as they occurred. We do not think that there has been at any time any personal property subject to the payment of the debts of the deceased; and while probably said lot 103 has been subject to the payment of the debts of the deceased since the death of his widow, we do not suppose that in fact there has been any such wrongful delay on the part of the administrator in taking steps to sell such lot, or any such injury to the plaintiff caused thereby, as will give to the plaintiff a cause of action. There can hardly be an unreasonable delay on the part of the administrator in taking steps to sell the real estate while the question is pending in the probate court as to whether it is subject to the payment of the debts of the deceased or not; and if the probate court should decide that it is not subject to the payment of the debts, then will the administrator become liable for delay while the decision of the probate court stands unreversed?
The order and ruling of the court below will be reversed, and the cause remanded for further proceedings.
All the Justices concurring.