No. 28,309.

WILLIAM KEITH, as Administrator of the Estate of Frank Fisher, Deceased, *Appellant*, v. THE MARTIN-FLEMING UNDERTAKING COMPANY et al., *Appellees*.

(272 Pac. 564.)

Opinion filed December 8, 1928.

*William Keith* and *Lester Wilkinson*, both of Wichita, for the appellant.

*Earl Blake, Harold L. Blake* and *Ralph B. Blake,* all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The probate court made an order of distribution of funds of an estate which were insufficient to pay all demands against it. The order required payment of funeral expenses before payment of expenses of administration. The administrator appealed to the district court, which rendered judgment in accordance with the probate court order. The administrator appeals from the judgment.

The question involved is one of statutory interpretation, and the specific question is. whether funeral expenses are comprehended by the word "debts," as that word is used in R. S. 22-916 and 22-917, which read as follows:

"At every settlement the court shall ascertain the amount of money of the estate which has come to the hands of such executor or administrator from all sources, and the amount of debts allowed against such estate; and if there be not sufficient to pay the whole of the debts and expenses of administration, the money remaining after paying the expenses of administration shall be apportioned among the creditors, . . ."

"The probate court, upon every settlement, shall proceed in like manner, till all the debts be paid or the assets exhausted; and if upon such settlement there shall be money enough to satisfy all demands of any one class legally exhibited against such estate, the court shall order the whole of that class to be paid; but if there is not money enough to pay all the debts of any one class, in the order aforesaid, all the creditors of that class shall be paid ratably,

in proportion to their respective debts; and no payment shall be made to creditors of any one ·class until all those of the preceding class or classes shall be fully paid."

These statutes are to be considered in connection with R. S. 22-701, which, as amended in 1925, reads as follows:

"That section 22-701 of the Revised Statutes of Kansas of 1923 be and the same is hereby amended to read as follows: Sec. 22-701. All demands against the estate of any deceased person shall be divided into the following classes: First, funeral expenses. Second, expenses of the last sickness, wages of servants, and demands for medicines and medical attendance during the last sickness of the deceased, and the expenses of administration. Third, debts due the state. Fourth, judgments rendered against the deceased in his lifetime; but if any such judgments shall be liens on the real estate of the deceased and the estate shall be insolvent, such judgments as are liens upon the real estate shall be paid without reference to classification, except the classes of demands mentioned in the first and second subdivisions of this section shall have precedence of such judgments. Fifth, all demands without regard to quality which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate." (Laws 1925, ch. 161, § 1.)

The proper method of determining the meaning of the word "debts" as used in the statute relating to decedents' estates, was discussed in the opinion in the case of *Farmers State Bank v. Callahan,* 126 Kan. 729, 271 Pac. 299.

Common decency requires that, whatever else takes place, a deceased person must be buried. Therefore, funeral expenses by nature constitute a demand of the first order, and R. S. 22-701 so classifies them. At common law funeral expenses were to be paid before demands of any other class.

"But let us now see what are the power and duty of a rightful executor or administrator.

"1. He must bury the deceased in a manner suitable to the estate which he leaves behind him. Necessary funeral expenses are allowed, previous to all other debts and charges; . . ." (2 Blackstone's Comm. 508.)

The court is of the opinion that R. S. 22-701, so far as it relates to funeral expenses, was framed in accordance with the common law, and the preferential nature of the demand was not affected by later sections of the statute. Dicta to this effect are found in previous decisions of this court:

"Now the estate may have been hopelessly insolvent, and may still be insolvent. It may require every article or piece of property, every available dollar, everything belonging to the estate, to pay the claims of the first class; . . ." (*Stratton v. McCandless,* 27 Kan. 296, 301.)

"The statute gives funeral expenses priority over all other demands against the estate of the decedent." (*Nelson v. Schoonover*, 89 Kan. 388, 394, 131 Pac. 147.)

While funeral expenses and expenses of administration are demands against the estate of a decedent, they are not debts of the decedent, and for purpose of distribution the statute recognizes three classes of demands payable in the following order: First, funeral expenses; second, expenses of administration; third, debts proper, due to ordinary creditors.

A person having a demand for funeral expenses is, however, a creditor to the extent that he may be appointed administrator, should the widow, next of kin, and others having prior right to do so, fail to take out letters of administration. (R. S. 22-312.)

The judgment of the district court is affirmed.