No. 32,628

Viola P. Houts, as Administratrix of the Estate of Sherman W. Houts, Deceased, *Appellant,* v. C. B. Fritz, *Appellee.*

(54 P. 2d 920)

Opinion filed March 7, 1936.

*Arthur Cranston,* of Parsons, for the appellant.
*A. R. Bell,* of Chetopa, for the appellee.

The opinion of the court was delivered by

Thiele, J.:  This appeal involves the correctness of the allowance of a claim against a decedent's estate.

It appears that in the probate court the claim of C. B. Fritz, undertaker, was allowed in the sum of $235, on which $115 had been paid.  On final settlement, the administratrix was directed to pay the balance of $120.  The administratrix appealed to the district court, her notice of appeal stating that she appealed from the order made on final settlement disallowing her claim for moneys expended for the care and feed of livestock and for harvesting crops belonging to the estate.

On trial in the district court, an agreed statement of facts was filed under which it appears that if Fritz's claim is a first-class claim there is due him $108, but that if his claim is inferior to the claim for taking care of the livestock, then there is due him the sum of $86.  The district court held that the funeral claim was a first-class claim and that the expense of taking care of the livestock was

a second-class claim, and remanded the matter to the probate court for further administration in accordance with the district court's decision. From this order the administratrix appeals, assigning a number of errors, which will be noticed.

The agreed statement of facts is not very complete. It seems the administratrix had some trouble getting her widow's allowance set off to her and did not promptly sell the livestock subject to sale. Eventually a sale was had and there was confusion in her accounts because of intermingling of proceeds from the sale of the stock belonging to the estate with the proceeds of sale of her individual property. Apparently that difficulty was not cleared up when she filed her final settlement. Prior to the time the final settlement was filed the undertaker's claim had been allowed and classified as a class-1 claim under the statute (R. S. 1933 Supp. 22-701). It is not shown whether the claim of the administratrix for caring for the livestock was ever allowed and classified in the probate court. On final settlement the probate court made an order finding the balance on hand and directing that the balance of $120 due on the funeral claim be paid and the balance of funds on hand be applied on second-class claims, the estate being insolvent. The administratrix, feeling she had been charged as administratrix with sums due her individually and had not been allowed credit for her feed bill as a preferred and paramount claim, appealed to the district court, where the agreed statement of facts was made and filed, and under the terms of which the only question left for determination was as to priority between the funeral claim and the claim for feeding livestock.

Appellant argues that under the statute providing for an agister's lien (R. S. 58-207), she is entitled to be paid from the proceeds of sale of the livestock. The statute is not applicable. She received possession of the livestock as administratrix of her husband's estate, and her rights and duties with respect thereto are defined and controlled by Revised Statutes, chapter 22, as now amended. The expense of taking care of the livestock was an expense of administration and properly to be classified as a class-2 claim under R. S. 1933 Supp. 22-701. Under that statute, the funeral claim was a class-1 claim and entitled to priority of payment. (See *Keith v. Martin-Fleming Undertaking Co.*, 127 Kan. 129, 272 Pac. 564, which treats priority of the funeral claim.)

The probate court in the first instance, and the district court on

appeal, correctly ruled the funeral claim was entitled to priority of payment. The district court ruled the claim of the administratrix for caring for the livestock was a part of the costs of administration and classed as a class-2 claim. It remanded the case to the probate court for further proceeding in accordance with its decision. Its ruling was correct.

Appellant contends the district court erred in not retaining jurisdiction and completing the administration of the estate. When the district court decided the question submitted, its function was performed. The probate court is the court having jurisdiction to make settlement; that is where the accounts must be filed and recorded; that is where receipts for amounts ordered distributed must be filed; that is the court which has power to discharge the administratrix and release her bondsmen. (See the various provisions of R. S. chapter 22 as amended.)

Appellant's complaint the judgment is contrary to the evidence is not good. The case was tried on an agreed statement. The judgment was not contrary to law, as has been demonstrated. The court did not err in denying the motion for a new trial.

No error appears and the judgment of the lower court is affirmed.