Steel v. Fife.

## STEEL & SON v. FIFE ET AL.

1. **Statute of Frauds: AGENT.** Where the owner of real estate wrote to his agent that he would sell the same at a price named, whereupon the plaintiff agreed to purchase, it was *held*, that the possession of the letter by the agent was not sufficient to take the case out of the operation of the statute of frauds.

2. ———: **POSSESSION OF WRITING.** The execution of a deed without delivery, in such sense that the grantee acquires control of it, does not constitute a compliance with the statute, even though the grantee may temporarily have it in his possession.

*Appeal from Cherokee District Court.*

WEDNESDAY, APRIL 3.

THE petition states defendants are owners of certain real estate described therein, and that plaintiffs applied to one Johnson, their agent, to purchase the same; that afterwards, Johnson informed plaintiffs he had received a letter from defendants stating they would sell a portion of said real estate for $650; that plaintiffs accepted said proposition, and requested Johnson to procure a deed therefor; that in pursuance of said offer and acceptance defendants executed and delivered a deed to plaintiffs; that said deed was full, complete, and perfect in every respect except that the acknowledgment was defective. For which reason only the said deed was returned to said Johnson, and the same never has since that time been in possession of plaintiffs. The purchase price of the premises was paid into court, and plaintiffs seek in this action to compel the defendants to specifically perform said alleged contract. The defendants denied the allegations of the petition, and relied on the statute of frauds as a defense.

The court found for the plaintiffs, and entered a decree accordingly.

The defendants appeal.

*Eugene Cowles,* for appellants.

*Wakefield & McAndrew* and *J. D. F. Smith,* for appellees.

SEEVERS, J.—I.   It is not alleged in the petition, or claimed by counsel for the appellees, that Johnson was the agent of 1. STATUTE of frauds: agent. the plaintiffs, but that he was the agent of the defendants. . This being true, the delivery of the letter to Johnson could have no other or greater effect than if it had been written and retained in the possession of the defendants.   It is unquestionably true that a memorandum, agreement or deed·must be executed by the party to be bound, or his authorized agent, and delivered to and accepted by the other party to take the case out of the operation of the statute and its clear intent and meaning.   In *Grant v. Levan,* 4 Penn. St., 393, there was found among the papers of Robert Martin, deceased, a plat of certain lands on which was indorsed, in his handwriting, "These lands sold to Robert Morris, Esq., of Philadelphia. Deeds poll to him.   Purchase money paid me, Robert Martin: The overmeasure to be cast up and accounted for." It was sought to compel a specific performance.   The defense was the statute of frauds.   The court say, "But an agreement is the assent of two minds to the same thing; it requires that the written evidence of it, when it is reduced to writing, as well as the agreement itself, should be seen and assented to by both parties.   *   * It may be evidenced by a letter sent from the one to the other, and accepted as well as acted upon as an offer of terms, or by a receipt or memorandum sufficiently stating the conditions; but in these instances the paper is parted with as evidence of the thing agreed to.   The principle that delivery is necessary to give effect to a written agreement is not confined to specialties."

In the case at bar plaintiffs never even saw the letter.   All the knowledge they had of its contents was derived from Johnson.   Nor is the letter before us.   Nor have its contents been proven except as its contents were declared or stated by Johnson; and as it never was delivered, but retained in their pos-

session by the defendants, or rather by their agent, we hold that it is not sufficient to take the case out of the operation of the statute.

II. The petition avers that the deed was executed and delivered to the plaintiffs, and returned only because it was defect-

*2. ——: possession of writing.* ively executed. This is not strictly true. The only evidence on this subject is that of one of the plaintiffs. He states: "I had in my possession papers or instruments signed by the defendants in this action, in reference to the conveyance by the defendants of said lot of land described in the petition to the plaintiff. I had papers in possession three different times, *not under my control,* but they were in my custody for a short time." It is clearly apparent from the foregoing there never had been any delivery of the deed. If there had been, it would have been under the control of the plaintiffs. They would have had dominion over it. We have then this case: The defendants executed a deed which was defectively acknowledged, and never delivered, upon which the plaintiffs rely as a writing under the statute to enable them to compel a specific performance.

We adopt the language used by the court in *Johnson v. Brooks,* 31 Miss., 17, where it is said: "We have been able to find no cause in which a writing, signed by a party, and kept in his possession without a delivery, has been held to be a compliance with the statute."

The deed between the parties was a full and complete conveyance of the premises. We are not called on to determine what would have been its effect as a memorandum in writing under the statute. We are not prepared to say that, if it had been delivered and accepted, an action might not have been brought, and a decree rendered that would have made it effectual as against the world.

III. The court, on the petition of the plaintiffs, ordered the defendants to produce, on the trial, the letter and deed to be used as evidence. This the defendants declined to do, but made a showing why they could not comply with the order.

At the hearing the plaintiffs moved the court for judgment, because of this failure. The showing made must have been regarded as satisfactory by the court, as the motion was over-ruled. From this action there has been no appeal. It is, to say the least, doubtful whether we can correct the error, if it be one. But this is immaterial under the view we have adopted. As we have substantially conceded, the several writings contain just what the plaintiffs claim. To constitute a good delivery of any writing, it must be voluntary. Therefore, if this was compelled under a compulsory order of the court, it would not constitute a voluntary delivery.

IV. A motion is filed by the appellees to strike from the files the reply of appellant to the argument of appellee, on the ground that the cause is triable *de novo* in this court, and the plaintiffs and appellees have the burden of proof, and are entitled to the opening and closing argument. Strictly speaking, this is true, and as the motion is made, we cannot disregard it. The motion must be sustained.

The cause will be remanded to the court below, with directions to dismiss the petition, and render a decree for the defendants.

REVERSED.