WARFIELD ET AL. v. THE WISCONSIN CRANBERRY COMPANY.

1. **Contract**: OFFER BY LETTER: WRITTEN ACCEPTANCE ADDRESSED TO THIRD PARTY: INTENTION OF ACCEPTOR. Where one orders goods by letter, and the one to whom the order is directed writes to the person who procured it a letter which is held to be an acceptance of the order, the acceptor is bound thereby, whether he intends his letter to be shown to the person making the order or not, if in fact it is shown to him.

ADAMS and REED, J J., from their view of the issues, dissent from the order of reversal.

*Appeal from Polk Circuit Court.*

WEDNESDAY, APRIL 23.

ACTION to recover damages because of the failure of the defendant to deliver one hundred barrels of cranberries, as the plaintiffs claim it contracted to do. Trial by jury, verdict and judgment for the defendant, and plaintiffs appeal.

*Nourse & Kauffman,* for appellants.

*Geo. A. Underwood,* for appellee.

SEEVERS, J.—The defense was the statute of frauds. The burden was on the plaintiffs to establish a contract in writing, or a written admission of an oral contract. One Barnes procured the plaintiffs to order cranberries of the defendant. Such order was in writing, and is as follows:

"DES MOINES, IOWA, October 3, 1881.

"DEAR SIR: Please ship 100 barrels of cranberries, $6.75 per barrel, delivered; berries to be as sample shown us by Mr. Barnes. 30 days, or 1 pr cent cash 10 days."

This order was delivered to Barnes, and by him forwarded to the defendant in Wisconsin. The defendant wrote Barnes as follows:

"NORWAY RIDGE, WIS., October 5, 1881.

"FRIEND BARNES: By delivery I mean in the car in Des

Moines, not at their stores—simply to count them out. Drayage is 3 to 4 cents in Chicago, and more there. Sent to your address for Watt & Co. 200 barrels yesterday, and wrote you very fully. Perhaps they will take whole car. If so, can send Smith, Warfield & Howell—75 and 100, and the ten barrel man—185; and Morrison 25—210, all in one car, or leave Mr. Morrison entirely out if he chooses. Can send by the 15th."

The court instructed the jury as follows: "You will first inquire and determine from the evidence whether or not the letter of October 5th, marked Exhibit A, was written in response to the order in writing of the plaintiffs. If you fail to find that it was not so written, you need not enquire further, but return your verdict for the defendant. But if you find that it was in response to the order of plaintiffs, then I instruct you that it is a sufficient acceptance of the order of the plaintiffs, if you further find that it was addressed to Mr. Barnes with the intention that it should be exhibited to the plaintiffs, and that it was exhibited to them by him."

It will be observed that the court submitted two propositions of fact to the jury: *First*, whether the letter of October 5 was in response to, and therefore an acceptance of, the order; and, *Second*, whether the defendant intended Barnes to show the letter to the plaintiffs. That Barnes did show it must, under the evidence, be conceded.

No complaint is made of the first proposition, but appellant insists that the second is erroneous, and that the law is that "letters addressed to a third party, stating or affirming a contract, may be used as a memorandum of it;" citing Brown on Statute of Frauds, 4th Ed., § 3540, and authorities there cited.

In the case at bar, there was a written offer, and, on plaintiffs' theory, a written acceptance of such offer; thus making a contract in writing. But whether there was an acceptance is in the instruction made to turn, not on the question of acceptance in writing, but on the question whether it was in-

tended that the writing should be exhibited to the plaintiffs. In so ruling we think the court erred. *Kleeman v. Collins*, 9 Bush, 467; *Cook v. Barr*, 44 N. Y., 156; *Peabody v. Speyers*, 56 Id., 230; *Moore v. Mountcastle*, 61 Mo., 424.

The principle upon which these decisions are based we understand to be, that the statute was not intended to apply to written, but to the enforcement of oral contracts, when properly evidenced, as by the admission in writing of the party to be charged. If the party sought to be charged has in writing admitted the contract, this is sufficient, as we understand, to take the case out of the statute, no matter to whom the writing may have been addressed.

It is, however, insisted that the question under consideration has been ruled differently in *Steel v. Fife*, 48 Iowa, 99. This case was decided correctly, but it must be confessed that there are some expressions in the opinion which should have been omitted, as they have a tendency to cause the opinion to be misunderstood. In that case the letter relied on to take the case out of the statute was not produced, nor was it claimed to have been lost. There was not, therefore, any written admission of the contract introduced in evidence.

The appellee insists that the uncontradicted evidence shows that the letter was not written in response to the order. We do not think we would be justified in so concluding, unless we could say that the letter on its face so shows. We deem it best not to prejudice the retrial by stating our reasons for this conclusion.

REVERSED.

ADAMS, J., *dissenting*. I think the plaintiffs failed to show a right of recovery; but the reason I think so is not because the statute of frauds stands in their way, but because they have no contract of any kind.

The majority opinion proceeds upon the theory that there was evidence of an oral contract taken out of the statute by a written admission. The doctrine propounded is that it was

not necessary that the contract should be in writing; that it was sufficient if it was oral, and *admitted* by a writing, as by a letter to a third person.

Whether an oral contract can be taken out of the statute by a written admission contained in a letter to a third person I do not undertake to determine. For the purposes of the opinion, it may be conceded that it can be. But we have no such question in this case. The plaintiffs do not declare upon an oral contract. If there is any contract at all, it is because Taylor's letter constituted *an acceptance*, and not because something was said of which Taylor's letter written afterwards constituted *an admission*. The plaintiffs' petition is drawn wholly upon the theory that Taylor's letter constituted an acceptance, and that the contract *was made* by reason of such acceptance. The doctrine, then, that an oral contract can be taken out of the statute by a written admission contained in a letter written afterward to a third person, is, in my opinion wholly foreign to this case.

Whether the instruction is correct which the majority of the court hold to be erroneous I do not care to inquire. It holds, in substance, that a written proposal may be accepted in writing by a letter to a third person, if written with the intention that it should be shown to the proposer, and if it is shown to him. I do not inquire whether the instruction is correct because in my opinion, if it is incorrect, it is too favorable for the plaintiffs, and they are appellants.

The objection made by the majority is not, as I understand, that the instruction does not enunciate a correct proposition of law, but is defective in that it should have contained another and distinct proposition, though wholly foreign to the question of acceptance. I think that the court below did not err upon such ground, for two reasons. In the first place, it could not have given the proposition in question without going beyond the issues; and, in the second place, if there had been another issue of such a character as to make the

proposition applicable, it could not properly have been embraced in the instruction given.

Mr. Justice REED concurs in this dissent.