W. L. Miller v. The Kansas City, Fort Scott & Memphis Railroad Company *et al.*

No. 9703.

Statute of Frauds — *letter to third person describing land and admitting payment of consideration, sufficient memorandum under.* A note or memorandum of contract for the sale of real estate, in the form of a letter addressed to a third person, which describes the land to be conveyed and admits payment in full of the contract price, is sufficient under the Statute of Frauds, although the amount of such contract price and the kind of deed to be executed are not stated; and, unless the contract evidenced by such note or memorandum is affected by fraud or other inequitable circumstance, the courts are bound to order its specific performance.

Error from Crawford District Court. Hon. J. S. West, Judge. Opinion filed May 8, 1897. *Reversed.*

*Fuller & Randolph* and *Morris Cliggett,* for plaintiff in error.

*Wallace Pratt* and *Chas. W. Blair,* for K. C. Ft. S. & M. Rld. Co.; *W. R. Biddle,* for Jacob and Caroline Yoos.

Doster, C. J. This was an action brought by the plaintiff in error against the Kansas City, Fort Scott & Memphis Railroad Company to compel the execution of a deed to land; to which action Jacob Yoos, a rival claimant to such land, and Mrs. Kelley, a mortgagee under him, were made defendants. The court below made special findings of fact, of which, so far as they relate to the principal question to be noted, the following is a summary:

The Railroad Company owned the land in question, which Mr. Yoos occupied as its tenant. It was the practice of the Company to give its tenants a preferred right to purchase lands occupied by them, when placed upon the market. In the fall of 1892, Mr. Yoos told

Mr. Miller that he did not wish to purchase the land in question, owing to his financial situation ; and, on the twenty-ninth of April, 1893, Mr. Miller entered into a parol contract with the Railroad Company for the purchase of the land, and paid the purchase price therefor in full. May 5, following, the duly authorized agent of the Company wrote to Mr. Miller as follows :

"KANSAS CITY, Mo., May 5, 1893.
"*W. L. Miller, Mulberry, Kan.:*    DEAR SIR — In making you deed for land recently purchased, we could leave out the lease conditions, provided you would enter into a lease with Jacob Yoos for this year. Yours truly,    WILLIAM GALLAHER, C. C."

In reply to this letter, Mr. Miller, on May 6, wrote to the Company's agent as follows :

"MULBERRY, KAN., May 6, 1893.
"*Mr. William Gallaher, Kansas City, Mo.:*
"DEAR SIR — Yours in reference to making lease to Jacob Yoos for grazing and agricultural purposes on the land recently purchased from you, is before me, and I do hereby obligate myself to be subject to lease made for above-named purposes by the Kansas City, Fort Scott, & Memphis Railroad Company, said lease to expire March 4, 1894 ; and you will oblige me by leaving out these conditions in deed.
Yours respectfully,    W. L. MILLER."

On the date of the above-copied letter from the Company to Mr. Miller, the Company likewise wrote to Mr. Yoos as follows :

"KANSAS CITY, Mo., May 5, 1893.
"*Jacob Yoos, Mulberry, Kan.:*    DEAR SIR — Have sold to W. L. Miller for cash, following land : The east half of northeast fourth, section 34, west half of northwest fourth, section 35, and southwest fourth of southwest fourth, section 26, township 28, range 25. You will please pay Miller twenty-five dollars for this year's rent, and Miller will pay taxes.
Yours,    WILLIAM GALLAHER, C. C."

On May 7, following, Mr. Yoos showed Mr. Miller the letter last above quoted, discussed the matter with him, and agreed to pay him twenty-five dollars rent for the land for the current year; and Mr. Miller agreed with him to pay the taxes on the land for the same year. On the following day, Mr. Yoos went to Kansas City and purchased the land from the Company, paying therefor the full purchase price, the defendant, Mrs. Kelley, loaning the money to enable him to do so, and taking a mortgage therefor upon the land. On this state of facts, the court below refused the specific performance prayed for by plaintiff. This action of the court was not based upon any theory of fraudulent conduct upon the part of the plaintiff, nor upon the supposition that the contract was within the Statute of Frauds, but upon the theory of a superior equity in Mr. Yoos as against the plaintiff. Much of the discussion by counsel is, however, upon the question whether the contract was within the Statute of Frauds; and this, in our judgment, is the only question requiring special notice.

It is claimed by the defendants that the above-quoted letters do not constitute a sufficient note or memorandum of the contract to take the case out of the statute, because the consideration for the sale and the kind of deed to be executed were not stated, and because the letter, which most fully sets forth the terms of the contract, was not addressed to Mr. Miller, the vendee. These reasons are not sufficient.

If, in the case of an unpaid consideration, it be necessary to state the amount of the same, such is not true of a consideration fully paid, and the receipt of which is acknowledged. " Where the memorandum itself states that the price has been paid or received, the amount need not be set forth; as in such case the price is not a part of the contract to be performed.''

Browne on Statute of Frauds (5th ed.) , §379, page 513. "Although the price to be paid must in general be shown by the contract, and cannot be supplied by parol, when it appears from the agreement that the consideration has already been paid, the amount need not be stated, there being in such case nothing to be supplied by parol." Waterman on Specific Performance, § 235, page 316, note. The Company's letter of May 5, to Mr. Yoos, admits the receipt of the full purchase price, and therefore brings the case as to such point within the law as above stated.

It is not necessary to a valid note or memorandum of sale that the kind of deed to be executed should be stated. It was not so held in *Gray v. Crockett* (35 Kan. 66–72) , nor in *Hollis v. Burgess* (37 id. 487) ; although the general terms of the opinion in *Fry v. Platt* (32 id. 62) might seem to imply such requirement. " The ordinary incidents only of an agreement, as for instance, the usual covenants and other ingredients of a complete transfer in the case of a sale of land, will be supplied by the court." Browne on Statute of Frauds (5th ed.) , § 371, page 506, note. " Upon a sale of real estate without any stipulation as to the nature of the title, the purchaser has a right to a clear title, and a deed with covenants of general warranty." Waterman on Specific Performance, § 414, page 552, note 1, and cases cited. " Nor is it necessary in the case of a memorandum in the form of a letter that it should be addressed to the vendee. Letters to a third person are sufficient memoranda." Browne on Statute of Frauds (5th ed.), § 354*a*, page 481. " The principle upon which these decisions are based, we understand to be, that the statute was not intended to apply to written contracts, but to the enforcement of oral contracts, when properly evidenced, as by the admission in writing of the party to be charged. If

the party sought to be charged has in writing admitted the contract, this is sufficient as we understand, to take the case out of the statute, no matter to whom the writing may have been addressed." *Warfield v. Wisconsin Cranberry Co.*, 63 Iowa, 312.

It is often said that the granting of decrees for specific performance is a matter of discretion in the court, and such is without doubt true; but the court must have some facts to justify its refusal to decree such performance, as well as to justify the ordering of the same. Its discretion is not an arbitrary one, and cannot be unreasonably or captiously exercised. *Waynick v. Richmond*, 11 Kan. 488.

No fraudulent conduct upon the part of the plaintiff was found by the court, and there exists nothing in the facts found upon which to predicate a claim of superior equity in Mr. Yoos as against Mr. Miller. As to Mrs. Kelley, the court specifically found that the loan was made by her to Mr. Yoos with knowledge of the plaintiff's claim. The case, in point of fact, is quite like that of *Waynick v. Richmond*, supra, and is fully within the principles there announced.

The decision of the court below is ordered reversed, with instructions to enter judgment for plaintiff in error upon the findings.