Schneider v. Anderson..

---

### KATIE SCHNEIDER v. CHARLES O. ANDERSON.

No. 14,507   (88 Pac. 525.)

SYLLABUS BY THE COURT.

1. STATUTE OF FRAUDS—*Contract to Sell Real Estate—Sufficient Memorandum.* A writing in the following words—

    "AUGUSTA, KAN................190..
    "Anderson to receive 2100 of Schneider. Anderson to have ½ corn, Schneider other half in field. Anderson to leave everything on farm, and to give possession October 1/04.
                            CHARLES O. ANDERSON.
                            GEORGE SCHNEIDER."

—and an undelivered deed, executed by the grantor at the same time and as part of the same transaction, which is deposited by the parties in escrow, constitute a sufficient memorandum of a contract for the sale of lands to satisfy the statute of frauds.

2. ———— *Construction of Separate Writings.* Separate writings may be construed together as containing all the terms of the contract; and if from all of them a definite contract can be gathered it may be enforced notwithstanding the statute, provided the several writings relate to and are connected with the subject-matter of the contract so that they can be fairly said to constitute one transaction.

Error from Butler district court; GRANVILLE P. AIK-
MAN, judge. Opinion filed January 5, 1907. Reversed.

T. A. Kramer, for plaintiff in error.
Mooney & Stratford, for defendant in error.

The opinion of the court was delivered by

PORTER, J.: The trial court sustained a general de-
murrer to plaintiff's petition in a suit for the specific
performance of a contract for the purchase and sale of
real estate. Plaintiff stood upon the petition and brings
error.

The only question is whether the petition states a
cause of action. The pleading is very lengthy, but in
substance it alleged that Charles O. Anderson, an un-
married man, was the owner of a farm in Butler
county, subject to certain encumbrances, and on Au-
gust 24, 1904, a contract was entered into between them
by which defendant agreed to sell the farm to plaintiff
for $2100; that plaintiff was to have one-half of the
corn in the field and defendant the other half; that the
purchase-price was to be paid to W. E. Brown, who
was to pay off all the encumbrances on the land from
the proceeds, and pay the balance, if any, to defendant;
that the following memorandum in writing was drawn
up and signed by the parties at the time the contract
was made:

"AUGUSTA, KAN............190..
"Anderson to receive 2100 of Schneider. Anderson
to have ½ corn, Schneider other half in field. Ander-
son to leave everything on farm, and to give possession
October 1/04.          CHARLES O. ANDERSON.
                       GEORGE SCHNEIDER."

It was alleged that George Schneider was the duly
authorized agent of Katie Schneider and signed the
memorandum for her, and that his appointment was
not in writing. The petition further alleged that at
the same time, as a part of the agreement and for the
purpose of carrying out the same, Anderson executed

a warranty deed conveying the real estate to plaintiff, which was duly acknowledged before a notary public and was then and there deposited by the parties with W. E. Brown, who was to deliver the same to plaintiff upon receipt of the $2100. These, it was alleged, were the only writings executed by the parties in reference to the transaction. Copies of the memorandum and the deed were attached to and made a part of the petition.

The petition alleged that about September 6, 1904, defendant notified plaintiff that he would not carry out the terms of the contract, and other facts were pleaded to the effect that on September 9, 1904, defendant had placed an encumbrance on the land in favor of his mother, which it was averred was without consideration and for the purpose of defrauding the plaintiff. Other facts with reference to other encumbrances were set forth but are not important in the present consideration. It was alleged that defendant had appropriated to his own use the entire crop of corn, in violation of the agreement. Plaintiff averred full performance of all the conditions on her part, a tender of the entire sum of $2100 to W. E. Brown, and a demand for the delivery of the deed. The relief prayed for was the specific performance of the contract, damages for the value of the part of the corn crop which plaintiff claimed, and the marshalling of the proceeds of the sale so as to protect her title from encumbrances beyond the amount stated in the contract.

The question, therefore, is whether the averments of the petition show an agreement or a note or memorandum thereof in writing, signed by Anderson, for the sale and conveyance of the lands. Our statute of frauds at the time this transaction occurred provided:

"No action shall be brought  .  .  .  upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them,  .  .  .  unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith,

or some other person thereunto by him or her lawfully authorized." (Gen. Stat. 1901, § 3174.)

This statute has since been amended by adding the words "in writing" after the word "authorized." (Laws 1905, ch. 266, § 1.) The object of the statute is to protect persons from being imposed upon by parol agreements against their consent; to require written evidence of the substance of the contract, signed by the party to be charged. These purposes are satisfied whenever there exists a written statement signed by the party containing either expressly or by necessary inference all the terms of the agreement, the names of the parties, the subject-matter of the contract, the consideration, and the promise, so that nothing remains open to future negotiation.

The memorandum itself, it is contended, is not sufficient to satisfy the requirements of the statute. It recites that Anderson is to receive of Schneider $2100 and is to reserve one-half of the corn in the field, is to leave everything on the farm, and give possession October 1. What the $2100 is for is not shown with sufficient definiteness, and the land itself is not sufficiently described. In *Hollis v. Burgess,* 37 Kan. 487, 15 Pac. 536, a description of the land as the "Snow farm" was held sufficient. But the ambiguity vanishes and all uncertainty disappears when, in connection with the memorandum, we look at the deed conveying the land to the plaintiff executed by Anderson at the same time and as a part of the same transaction. The $2100 appears at once to be the consideration for the sale of the farm, and there is no longer any uncertainty what farm he is to leave everything on and give possession of October 1.

The statute does not require that the contract shall consist of a single instrument. "Several distinct and separate writings may be construed together as containing all the terms of the contract, though only one of them be signed by the party to be charged." (29 A. & E. Encycl. of L. 850, 851, and cases cited. See, also,

Pomeroy, Cont., 2d ed., §§ 84, 85, 91.) If from all of them the definite terms of a contract can be gathered it may be enforced notwithstanding the statute, provided the several writings relate to and are connected with the subject-matter of the contract so that they can fairly be said to constitute one transaction. (*Ryan v. United States,* 136 U. S. 68, 10 Sup. Ct. 913, 34 L. Ed. 447; *Charlton v. Columbia Real Estate Co.,* 67 N. J. Eq. 629, 60 Atl. 192, 69 L. R. A. 394, 110 Am. St. Rep. 495; *Johnson & Miller v. Buck,* 35 N. J. Law, 338, 10 Am. Rep. 243; *Ide v. Leiser,* 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17; *Peck v. Vandemark,* 99 N. Y. 29, 1 N. E. 41; *Kopp et al. v. Reiter et al.,* 146 Ill. 437, 34 N. E. 942, 22 L. R. A. 273, 37 Am. St. Rep. 156. See, also, *Morrow v. Moore,* 98 Me. 373, 99 Am. St. Rep. 410; *Brown v. Brown,* 33 N. J. Eq. 650.)

In *Charlton v. Columbia Real Estate Co.,* supra, a duplicate lease of lands had been signed by defendant but not delivered. The memorandum of the contract was insufficient by itself. It was held error to refuse to admit the lease in evidence, and the cause was reversed. The court said: "If all the papers, taken together, contain the whole bargain, they form such a memorandum as will satisfy the statute." (Page 632.)

In *Ryan v. United States,* supra, the exact question was decided. There was a written proposal by defendant to sell, and a written acceptance by the vendee. The writings, however, were themselves insufficient to take the case out of the Michigan statute of frauds, because there was lacking a description of the land. The vendor had executed and delivered a deed to the officer of the government for examination, the United States being the vendee. Mr. Justice Harlan, speaking for the court, said:

"Whatever may be said as to the effect of this deed in passing title, if it was delivered only for purposes of examination, or if the previous memorandum of sale had been for any reason fatally defective under the statute of frauds, its recitals, coming as they do from the vendor, are competent for the purpose of showing

the precise locality of the property which the memorandum of sale was intended to embrace." (Page 84.)

The case of *Jenkins v. Harrison*, 66 Ala. 345, is cited with approval. To the same effect see *Leonard v. Woodruff*, 23 Utah, 494, 65 Pac. 199. In *Thayer v. Luce and Fuller*, 22 Ohio St. 62, it was said:

"In this case, upon inspection and comparison of the memorandum and the deed, although no reference is made in either to the other, we find with reasonable certainty that they do relate to the same transaction, and contain fully the terms of a contract of bargain and sale between the parties." (Page 74.)

In *Strouse v. Elting*, 110 Ala. 132, 20 South. 123, it was held that where, upon mere inspection of the separate writings, an implication of their connection arises, parol evidence may be admitted to show the connection.

Both the writings here are signed by the party to be charged; they were executed at the same time and as part of the same transaction. Inspection alone shows their connection; and, taken together, we think they are sufficient to satisfy the statute. The memorandum and deed together show the parties, the subject-matter, the promises upon both sides, the price and consideration. These are all that are required. (Pomeroy, Cont., 2d ed., § 87; *Hollis v. Burgess*, 37 Kan. 487, 15 Pac. 536; *Brundige v. Blair*, 43 Kan. 364, 23 Pac. 482; *Miller v. Railroad Co.*, 58 Kan. 189, 48 Pac. 853; *Newton v. Lyon*, 62 Kan. 306, 62 Pac. 1000.)

The courts are at variance upon the question whether a deed alone, when executed by the vendor and deposited in escrow, to be delivered by the depositary to the grantee upon his paying the purchase-price or performing some other condition, is itself a sufficient memorandum to avoid the statute of frauds. (The cases are cited in 29 A. & E. Encycl. of L. 855.) A majority say that the deed alone is not a sufficient memorandum. But the better reasoning seems to be the other way. The ground usually stated for holding that

the deed is not a sufficient memorandum is that, until it is finally delivered or the condition is performed, it does not constitute a contract. The reason given seems to be beside the question, which, in this character of cases, is not, Was there a written contract? but is, Is there a sufficient memorandum signed by the party which is evidence that a contract existed or which tends to prove that fact? The evil the statute seeks to guard against is the use of oral evidence to prove a contract. This is obviated by the production of the deed which is a memorandum of a contract. In *Miller v. Railroad Co.*, 58 Kan. 189, 48 Pac. 853, the case of *Warfield et al. v. The Wisconsin Cranberry Co.*, 63 Iowa, 312, 19 N. W. 224, was quoted as follows:

"The statute was not intended to apply to written [contracts], but to the enforcement of oral contracts, when properly evidenced, as by the admission in writing of the party to be charged."

By far the best-reasoned case we have examined is *Jenkins v. Harrison*, 66 Ala. 345, followed in *Johnston v. Jones*, 85 Ala. 286, 4 South. 748. It was said in the former case:

"A deed, drawn and executed with the knowledge of both parties, with a view to the consummation of the contract of sale, which, in itself and of itself, embodies the substance, though not all the details or particulars of the contract, naming the parties, expressing the consideration, and describing the lands, though not delivered, and its delivery postponed until the happening of a future event, is a note or memorandum of the contract sufficient to satisfy the words, the spirit, and purposes of the statute of frauds." (Page 358.)

However, in the case at bar, we are not compelled to look to the deed alone; and, as before observed, we think the memorandum, together with the deed, amply sufficient to satisfy the statute. The demurrer to the petition should have been overruled.

The claim is made by defendant that there was no mutuality in the alleged contract because it was

Gas Co. v. Jones.

signed by him alone. The want· of mutuality aris-
ing from the failure of both parties to sign cannot
be successfully pleaded as a defense by the party who
did sign. (*Guthrie v. Anderson,* 47 Kan. 383, 28 Pac.
164, and the same case in 49 Kan. 416, 30 Pac. 459.)
The filing of a suit for specific performance constitutes
an acceptance and binds the plaintiff. (*Forthman v.
Deters,* 206 Ill. 159, 69 N. E. 97, 99 Am. St. Rep. 145;
*Ullsperger v. Meyer,* 217 Ill. 262, 75 N. E. 482, 2 L. R.
A., n. s., 221.)

The judgment is reversed and the cause remanded,
with directions to overrule the demurrer.