FREDERICK KITCHENER, *Appellee*, v. JOHN JEHLIK, *Appellant*.

No. 17,073.

SYLLABUS BY THE COURT.

1. CONTRACTS—*Specific Performance—Oral Contract—Statute of Frauds*. Where a contract has been made in writing for the purchase and sale of real estate, which provides that the purchaser may pay the entire purchase price in cash or may assume the payment of a mortgage as a part of such purchase price, and where thereafter the seller, on request therefor, refuses to pay off the mortgage, preparatory to closing the transaction, an oral agreement between the parties that the purchaser will assume the mortgage does not constitute a new contract.

2. ——— *Same*. In such case, the oral agreement that the purchaser will elect to close the deal upon the alternative provision of the option, does not render the written contract unenforceable under section 6 (Laws 1905, ch. 266, § 1, Gen. Stat. 1909, § 3838) of the statute of frauds and perjuries.

3. ——— *Specific Performance—Deed to Third Party—Pendente Lite*. In an action for the specific performance of a contract to sell and convey land, it constitutes no adequate defense if the defendant proves that subsequently to the commencement of the action he has executed, acknowledged and delivered a deed to another for the same land.

4. DEEDS—*Presumption as to Time of Delivery*. A deed purporting to convey land, in the absence of evidence as to the time of delivery, will be presumed not to have been delivered prior to the date of acknowledgment.

5. ——— *Purchaser Pendente Lite*. One who accepts a deed

to such land after the commencement of such action is a pur-
chaser *pendente lite* and his title to the land is subject to the
result of such action.

Appeal from Clay district court.    Opinion filed No-
vember 11, 1911.    Affirmed.

*W. D. Vance, Homer Kennett,* and *Cornelius Gant,*
for the appellant.

*F. L. Williams,* for the appellee.

The opinon of the court was delivered by

SMITH, J.: This action was brought by the appellee
to compel the specific performance, by the appellant, of
a contract to sell and convey to the appellee an eighty-
acre tract of land in Clay county.   The appellee in his
petition alleged the contract of sale as having been
made by an exchange of letters, written in part by
himself, and in part on his behalf by one Rankin,
cashier of a bank at Idana in Clay county.

The appellant in answer denied the completion of the
contract, and further alleged that he, with his wife,
had sold and conveyed the land to one W. E. Buck,
and, by reason thereof, could not convey the same to
the appellee.   In reply the appellee filed a verified gen-
eral denial.

The letters are numerous and will not herein be copied
in full.

On August 4, 1909, the appellee wrote a letter pro-
posing to buy the land, the material portion of which
is as follows:

"Now if you want to sell, I will give you your $1800
and you pay everything up till March 1, 1910.   I will
pay $100 down now and the rest March 1.   The banker
here at Idana says it will be necessary for you to clear
the $700 mortgage before they could make a loan on
the quarter."

On August 7, 1909, the appellant replied declining
the offer as made and said:

"But I would take $1800 if paid within 30 days

and will pay the interest payment due September 1, 1909. The mortgage, $700 can be paid on that day if desired if not, it can run 2 or 3 years from last March so if you wish to put it at my terms and figures, then send $100 to bind the deal."

This letter was followed by one by Mr. Rankin, cashier, requesting appellant to come to Idana to close the deal, and by another by the appellant saying that he would come down but he wanted some money before he went if it was only $10 down.

In response Mr. Rankin wrote that he enclosed a check for $50 in part payment for the eighty acres and requested appellant to come down and bring all the papers concerning the land. On the following day the appellant wrote acknowledging the receipt of the fifty-dollar check and said:

"I thought best to send down the abstract of title to you first and when you and Mr. Kitchener have everything ready with the loan excepting our deed to be put on record, then write me and I will come down to Idana to complete it and settle in full. I will bring down the warranty deed signed and acknowledged, ready to put on record."

Also on the same day Jehlik wrote the following letter:

"Belleville, Kan., August 13, 1909. Received of Fred Kitchener, check for $50 as part consideration of $1800, for which the said Frederick Kitchener bought the E. half, S. E. quarter of section 31, township 8, range 1 E., Clay county, Kansas, and one mortgage of $700 and $21 interest to Bartlett Bros. and Eric H. Swenson. He can either assume or pay it off and the balance of $1029 to be paid on or about the 5th of September, 1909, to the undersigned when warranty deed will be delivered.

(*Husband*)  JOHN JEHLIK.
(*Wife*)  KATIE JEHLIK."

The appellee claims that upon the receipt of this letter the contract of sale and purchase was complete; that he was to buy the land free of incumbrance for

Kitchener v. Jehlik.

$1800 or was to have the option of assuming the payment of the $700 mortgage and deducting that amount, and $21 interest thereon to September 1, from the $1800. We think that the appellee is right in this contention.

Three days thereafter Mr. Rankin wrote requesting the appellant as follows:

"Please take the loan up now so that it will show everything clear. I notice that there is a $700 loan. also a $35 loan recorded against the place."

The following day, August 17, the appellant wrote the Bank of Idana a long letter in which he said:

"I consider it useless to pay this mortage of $700 off,. all I will do is deduct the $21 interest due September next, and one entry on the abstract which is 35c and. if Mr. Kitchener don't want it that way, he can send me the papers back I sent you and I will return the: check for $50."

Mr. Rankin's testimony as to what occurred upon. the receipt of this letter is undisputed. He said:

"Well, after I received that letter I had Mr. Kitchener call Mr. Jehlik up and I told him that I received his letter, and that Mr. Kitchener would accept the place just the way he said in the letter, that he would assume the mortgage, and he was to pay up everything up to September and the interest, and we would take it. just as I stated in the letter and he says, 'All right,' and I told him to be down there, we could get the deal closed up by the 5th, that the money was in the bank all ready for him, and he says, 'All right, I will be down,' and Mr. Kitchener heard the same conversation;. he was right at the phone; he called him."

This the appellant claims constitutes the contract. of purchase and sale, if there was one; that it was oral and not enforceable. We think, on the contrary, that it. was simply the exercise of the option, given in the contract, of assuming the mortgage instead of paying all the consideration for the land in cash, and that appellant assented thereto. It was not a new contract for the sale and purchase of the land.

Thereafter, on September 2, the day the contract and deed of appellant for the transfer of the land to Buck was dated, although the deed was not acknowledged or recorded until September 13, the appellant returned the fifty-dollar check in the following letter:

"Miltonvale, Kan., September 2, 1909. The Bank of Idana, Idana, Kan. Enclosed please find Mr. Kitchener's check for $50 which offer on the deal according to the circumstances I am compelled to reject because of the agents at Cuba which they have done is putting me in a hole which I have to come to time. Yours Truly, John Jehlik."

In the abstract the appellant does not give the date ·of the filing of the petition in this action. In his brief, the appellee says the action was commenced more than a week before the deed to Buck was acknowledged and recorded, and in the absence of any showing in the abstract, and to sustain the ruling of the court, we will assume this to be the fact. The action then was commenced before September 6, less than four days after the appellant had repudiated his contract.

Obviously one may not absolve himself from his obligation to convey land in accordance with his contract in writing by conveying the land to another. (*Miller v. Railroad Co.*, 58 Kan. 189, 48 Pac. 853.) Yet when such other takes such conveyance in good faith and for a fair consideration a question may arise between him and the former purchaser.

Buck is not a party to this action and his rights in the premises are not for determination herein unless it can be said that the appellant has made a valid deed of the land to Buck and thereby has so divested himself of the title thereto as to make it impossible for him to convey any title to the appellee. Such is not the fact in this case. It is to be presumed that the deed from appellant to Buck was not delivered until the day it was acknowledged. (*Clark v. Akers*, 16 Kan. 166.) It was acknowledged September 13, more than a week after the commencement of the action.

The deed to Buck was of no validity, except between the parties thereto and those having actual notice of it, until it was placed of record, which was also on September 13. It is not contended that the appellee had any notice of the deed at the commencement of the action. On the contrary, Buck was a purchaser *pendente lite*. (*Smith v. Worster*, 59 Kan. 640, 54 Pac. 676; *Caldwell v. Bigger*, 76 Kan. 49, 54, 90 Pac. 1095; *Atchison County v. Lips*, 69 Kan. 252, 254, 76 Pac. 851.)

The judgment is affirmed.