## ASHLEY et al. v. KETCHERSID.
### No. 35783.

Supreme Court of Oklahoma.

Dec. 8, 1953.

Rehearing Denied Jan. 12, 1954.

Robinson & Oden, Altus, for plaintiffs in error.

Yates & Braddock, Altus, for defendant in error.

ARNOLD, Justice.

Plaintiffs brought this action in the District Court of Jackson County asking that defendant be enjoined from changing a will made by him in pursuance to an admitted agreement with his brother.

The undisputed evidence shows that defendant Jesse Benjamin Ketchersid and his brother William I. Ketchersid owned jointly certain lands totaling 400 acres in Jackson County; that Jesse Benjamin Ketchersid was a bachelor; that William I. Ketchersid had as his heirs two daughters and three grandchildren, children of a deceased son; that on or about March 11, 1922, William I. Ketchersid, being in very poor health and not expecting to live very long, made an oral agreement with defendant that he would deed defendant his interest in said 400 acres if defendant at his death would leave all the land to William I. Ketchersid's heirs; that in pursuance to this agreement William conveyed to defendant Jesse all his interest in the land, and defendant thereupon made a will leaving all the land to William's heirs but devising by far the largest portion to the three grandchildren, plaintiffs herein; that the contents of this will were known to William; that shortly thereafter William died; that defendant had no agreement with William as to how he was to divide the land among the heirs of William but it was left to his discretion; that in 1937 defendant revoked the will made in 1922 and made a new will devising all the property to the heirs as he had contracted to do but in very different proportions; in this connection defendant testified as to his reasons for the division which he

made of the land in his original will and his reasons for changing this division in his new will of 1937.

The court made findings of fact essentially in accord with the evidence outlined above and concluded that the original will made in 1922 did not become a part of the oral agreement between William and defendant and did not become a separate agreement between William and defendant, that defendant was not divested of his right and discretion given him by the oral agreement to divide the property as he saw fit, and that the 1937 will did not violate the agreement made between William and defendant. Plaintiffs were denied the injunctive relief prayed for.

Plaintiffs state that the only question in this case is whether or not defendant is bound by the terms of his will made in 1922; in this connection they contend that when defendant in 1922 executed a will in pursuance to his oral agreement with his brother that the will so executed constituted a contract which cannot be rescinded by defendant.

The contract was that defendant would make a will leaving the property to the heirs of William, as he did. There was no agreement that he would leave the property to said heirs in designated proportions. Though the contents of the will made in 1922 were known by William before his death, the defendant having shown same to him, and though the devises therein set forth were apparently acceptable to him at that time, these facts do not make a new contract between the parties or make that will a part of the agreement. The defendant would not be bound by the terms or gifts set forth in said will. The will of 1922 not being a part of the agreement and the terms thereof not being binding on defendant and there being no agreement to give the property by will to the heirs in specified proportions the defendant could revoke the will and exercise his discretion as to the portions he would give to the heirs in another will. This he did in 1937 by the execution of another will in which he devised all of the property to the heirs in different proportions than set forth in his original will of 1922.

See Nelson v. Schoonover, 89 Kan. 388, 131 P. 147; Anderson v. Eggers, 63 N.J. Eq. 264, 49 A. 578, 55 L.R.A. 570; Morgan v. Sanborn, 225 N.Y. 454, 122 N.E. 696.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.